UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5821-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1968 and has one year of college education, plus firefighting training. AR 2097. Plaintiff has worked as an on-call firefighter, assistant fire chief, driver, and transportation manager, and was last gainfully employed in 2017. AR 2070, 2090.

In July 2013, Plaintiff applied for benefits, with an amended alleged onset date of December 1, 2012. AR 293-305. Plaintiff's applications were denied initially and on

reconsideration, and Plaintiff requested a hearing. AR 182-89, 195-207. After the ALJ conducted a hearing in January 2015 (AR 99-133), the ALJ issued a decision finding Plaintiff not disabled. AR 80-93.

The Appeals Council denied Plaintiff's request for review (AR 1-7), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. AR 846-60. On remand, a different ALJ held hearings in July and December 2018 (AR 765-809), and subsequently issued a decision finding Plaintiff not disabled. AR 740-55.

The Appeals Council denied Plaintiff's request for review (AR 832-38), and the U.S. District Court for the Western District of Washington affirmed the ALJ's decision. AR 1634-46. Plaintiff appealed, and the U.S. Court of Appeals for the Ninth Circuit reversed the ALJ's decision and remanded for further administrative proceedings. AR 1611-26. On remand, a different ALJ held a hearing (AR 1500-49), consolidated the original applications with applications for benefits filed in 2019 (AR 1958-66), and subsequently issued a decision finding Plaintiff not disabled. AR 1470-88.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

**Step two**: Plaintiff has the following severe impairments: major depressive disorder and post-traumatic stress disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**Residual Functional Capacity (RFC)**: Plaintiff can perform a full range of work at all exertional levels, with the following nonexertional limitations: he can understand, remember, and apply short, simple instructions, and perform routine, predictable tasks. He cannot work in a fast-paced, production-type environment. He can make only simple decisions. He can be exposed to only occasional routine workplace changes. He can have no interaction with the general public, and only occasional interaction with co-workers and supervisors.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1470-88.

Plaintiff appealed this final decision of the Commissioner to this Court. Dkt. 5.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing the medical opinion evidence and his subjective testimony, and that these errors tainted the ALJ's assessment of the lay testimony and Plaintiff's RFC, and the step-five findings. Dkt. 15.

The Court agrees, noting as a preliminary matter that Plaintiff previously challenged the ALJ's assessment of some of the same opinion evidence and the ALJ's assessment of Plaintiff's testimony, and the current ALJ decision does not comply with the instructions provided in the Ninth Circuit's published opinion remanding this case for further administrative proceedings. The Ninth Circuit found that although a prior ALJ decision had appropriately discounted Plaintiff's allegations of disability for the most recent part of the adjudicated period, and discounted opinions based on evidence dating to that part of the adjudicated period, Plaintiff's functioning was more limited during the earlier part of the adjudicated period and the ALJ's decision did not account for that distinction. *See* AR 1611-26. The Ninth Circuit instructed the ALJ on remand to "separately consider" whether Plaintiff was disabled for a portion of the adjudicated period, rather than addressing the entire period as one unit. AR 1626.

Unfortunately, the ALJ's decision on remand evinces no such separate consideration. Instead, the ALJ again addressed the evidence of Plaintiff's gradual improvement over the whole of the adjudicated period, without separately considering whether there was a portion of the adjudicated period in which Plaintiff was disabled. *See* AR 1477-83. The ALJ also found medical opinions from 2012 and 2013 (AR 433-37, 541-52) to be inconsistent with evidence of

Plaintiff's improved functioning years later, particularly after he started a new relationship in 2016 (AR 1523-24), without explicitly considering whether the evidence contemporaneous to those opinions suggested that he was disabled during those earlier years. *See* AR 1479-80, 1483-84. The ALJ's decision does not reflect the bifurcated approach suggested by the Ninth Circuit and therefore fails to comply with the court's order to reconsider Plaintiff's testimony and the medical opinion evidence.

This legal error is compounded by additional legal errors. First, the ALJ failed to address the 2019 opinion of Siobhan Budwey, Ph.D. *See* AR 3067-76. Although the Commissioner contends that Dr. Budwey's opinion is not relevant to the ALJ's decision because it post-dates the adjudicated period by four years (Dkt. 21 at 7-8), this argument is factually incorrect. The period adjudicated by the ALJ runs through the date of the decision, in 2022. *See* AR 1488.

Second, the ALJ purported to credit certain opinions listing disabling limitations, without explaining how he accounted for those limitations in the RFC assessment. *See* AR 1483 (crediting the 2017 opinion of Kimberly Wheeler, Ph.D., that Plaintiff is markedly limited in his ability to set realistic goals and plan independently), 1484 (crediting the 2013 and 2014 opinions of Keith Krueger, Ph.D., that Plaintiff had a marked limitation in communicating and performing effectively in a work setting). Although Plaintiff assigned error to this part of the ALJ's decision (Dkt. 15 at 7-8), the Commissioner did not respond to the argument that the ALJ's RFC assessment fails to account for the marked limitations purportedly credited. *See* Dkt. 21 at 6-7.

Although the ALJ's decision contains reversible error identified herein, much of which could have been avoided if the ALJ had complied with the Ninth Circuit's remand order, the Court declines to remand for a finding of disability at this time, which Plaintiff requests in the alternative. *See* Dkt. 15 at 18-19. The Ninth Circuit's remand order repeatedly suggests that

Plaintiff was properly found not disabled for at least some part of the adjudicated period, and that the record contains conflicting evidence about whether he was disabled earlier on.  AR 1613-26. The Ninth Circuit instructed the ALJ to resolve those conflicts on remand, which unfortunately the ALJ did not do.  Those conflicts thus remain unresolved and continue to preclude a finding of disability at this time, because this Court is constrained to review the ALJ's findings rather than engage in fact-finding on its own.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015) (holding that a "significant factual conflict in the record [] should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance"); *Trejo v. Colvin*, 2016 WL 769106, at *3 (C.D. Cal. Jan. 28, 2016) ("This Court does not reweigh the evidence or act as a next-level fact-finder on appeal; its appellate review is limited to determining whether the agency committed reversible legal error.").

      For these reasons, the Court reluctantly finds that, despite the significant delay in a final resolution of Plaintiff's claims, another remand for further proceedings is appropriate.  *See Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) ("When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1106 (9th Cir. 2014) ("While we have recognized the impact that delays in the award of benefits may have on claimants, such costs are a byproduct of the agency process, and do not obscure the more general rule that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings." (cleaned up)).

# CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony, the updated medical record, and the lay evidence in light of the Ninth Circuit's instructions; reconsider the opinions of Drs. Wheeler and Krueger and account for all credited limitations in the RFC assessment; explicitly weigh Dr. Budwey's opinion; and reconsider any other part of the decision as necessary.

Dated this 3rd day of August, 2023.

S. KATE VAUGHAN
United States Magistrate Judge